UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERASMO GONZALEZ and
MARIA GONZALEZ,

    Plaintiffs,

v.                                                        CASE NO.: 8:12-cv-1941-T-23AEP

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

    Seeking more than $15,000 in damages from an alleged sinkhole, the plaintiffs sue (Doc. 2) for breach of contract. The plaintiffs demand in the complaint that the defendant "pay in full the contract of insurance." The defendant removes (Doc. 2) under 28 U.S.C. § 1441(a), asserts diversity jurisdiction under 28 U.S.C. § 1332, and states, "Per the attached affidavit, Plaintiffs' demand to Defendant exceeds $75,000." The attached affidavit of the defendant's attorney states that "[t]he policy provides that full replacement cost for the Plaintiffs' property constitutes $189,700."

    The notice of removal alleges no facts in support of the amount in controversy; the failure results in remand. In *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001), the plaintiff sued in state court and alleged an injury resulting from a slip and

fall. The complaint sought general, special, and punitive damages but specified no amount. Best Buy removed asserting in the notice of removal only that "Plaintiff [has] refused to stipulate that Plaintiff's claims do not exceed and will not exceed the sum of $75,000." The notice of removal contained no fact allegations regarding the amount in controversy.

The plaintiff appealed the entry of summary judgment, and the Eleventh Circuit raised *sua sponte* the amount in controversy. *Williams* adopts a procedure for determining the amount in controversy on removal:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. We reiterate that the burden of proving jurisdiction lies with the removing defendant.

269 F.3d at 1319 (internal quotations omitted) *Williams* cites an abundance of circuit precedent and affirms that "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." 269 F.3d at 1319-20; *see also Laughlin v. Kmart*, 50 F.3d 871, 873 (10th Cir. 1995) ("The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). *Williams* remands the action to the district court for factual findings:

- 2 -

> Because Best Buy's notice of removal clearly asserted that the jurisdictional amount was satisfied, Best Buy should be afforded an opportunity to submit evidence in support of its assertion. We therefore hold that, where the notice of removal asserts the jurisdictional amount and the plaintiff does not challenge that assertion in the district court, we will remand the case to the district court for factual findings on the amount in controversy if the amount in controversy cannot be clearly determined by a review of the record.

269 F.3d at 1321.

Some litigants read *Williams* to require a district court to conduct an evidentiary hearing if the defendant states in the notice of removal only that the amount in controversy exceeds $75,000, but *Williams* concerns the circuit court's procedure for a case on appeal with a dubious amount in controversy. *Williams* requires no hearing each time a defendant half-heartedly compiles the removal documents. Instead, *Williams* expressly leaves the decision to the district judge's discretion – "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and *may* require evidence relevant to the amount in controversy at the time the case was removed." 269 F.3d at 1319 (emphasis added) An unqualified requirement for an evidentiary hearing or a finding of fact shifts the burden from the defendant to allege facts (a necessary, elementary, and inexpensive task for counsel) to the court to find facts (an unnecessary, timely, and costly endeavor for the parties, the attorneys, and the court). But the burden is the defendant's alone.

In this action, neither the complaint, the notice of removal, nor the affidavit states facts establishing the amount in controversy. The plaintiffs demand in the

- 3 -

complaint that the defendant "pay in full the contract of insurance." The opaque and ambiguous statement either means "tender the policy limit" or "pay the full amount of the claim."[*] The notice of removal and accompanying affidavit note only that "[t]he policy provides that full replacement cost for the Plaintiffs' property constitutes $189,700."

The defendant provides no underlying facts or evidence to support an amount in controversy exceeding $75,000. The defendant cites no engineering report, no cost estimate, no repair receipts, and no itemized damage calculation and utterly fails to provide facts to support removal. What's the cost to fix the damage? Did the sinkhole cause structural damage? Compromise the foundation? Fracture the slab? Damage the roof? Did the sinkhole cause aesthetic damage? Splinter the tile? Crack the drywall? Destroy personal property? Did the sinkhole swallow the entire house? What's the value of the house? Of the property? Conclusion and speculation reign. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007).

---

[*] Standing alone, the policy limit fails to "establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." *Employers Mut. Ca. Co. v. Parking Towing Co.*, 2007 WL 4577705, *2 (S.D. Ala. Dec. 27, 2007); *see also Gutierrez v. Cooperativa De Seguros Multiples De Puerto Rico, Inc.*, 2010 WL 2510671 (M.D. Fla. 2010); *Napier v. Hartford Fire Ins. Co.*, 2009 WL 413597 (M.D. Fla. 2009); *Fernandez v. Am. Sec. Ins. Co.*, 2009 WL 3418254 (M.D. Fla. 2009).

Accordingly, under 28 U.S.C. § 1447(c), this case is **REMANDED** for lack of subject matter jurisdiction.  The Clerk is directed to (1) mail a certified copy of this order to the Clerk of the Circuit Court for Hernando County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on October 23, 2012.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE